UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DORENA COLEMAN, CURTIS JACKSON, and FEDERICO PEREZ, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CECILE ERWIN YOUNG, Executive Commissioner, JORDAN DIXON, Interim Chief Policy and Regulatory Officer, MAURICE MCCREARY, JR. Chief Operating Officer, and MICHELLE ALLETTO, Chief Program and Services Officer, in their official capacities with the Texas Health and Human Services Commission (HHSC), <br><br> Defendants. | No. 1:20-CV-00847-RP |

**ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT AND**
**FINAL CERTIFICATION OF THE RULE 23 SETTLEMENT CLASS, AND**
**GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR ATTORNEYS' FEES AND EXPENSES**

The Parties have jointly moved the Court for an Order approving the Parties' Settlement Agreement ("Settlement Agreement"), and certifying the Settlement Class ("Settlement Class" or the "Class"). Separately, Plaintiffs have moved the Court for an Order granting the attorneys' fees award to which the Parties have agreed. Upon consideration of the Parties' Joint Motion and Plaintiffs' Unopposed Motion, and in accordance with the Settlement Agreement and Federal Rules of Civil

1

Procedure 23(e) and 23(b)(2), the Court hereby GRANTS the Joint Motion for Final Approval and Plaintiffs' Unopposed Motion for Attorneys' Fees and Expenses for the reasons set forth below.

## I.     Background

On March 25, 2021, this Court granted preliminary approval of the Parties' proposed Settlement Agreement, approved the Parties' plan for class notice, and granted preliminary certification to the Class. This Court directed notice be provided to all Class Members by August 1, 2021 and approved of other means of notifying the public of the terms of the Settlement Agreement. ECF No. 45. This Court's Order provided that Class Members who wished to comment on or object to the proposed Agreement were required to do so in writing on or before October 15, 2021, or indicate a desire to appear at the fairness hearing.

On November 22, 2021, this Court held a final fairness hearing to consider objections and comments by Class Members and to determine whether the proposed Settlement Agreement was fair, reasonable, adequate, and to determine whether to grant final certification to the Class. The Court also considered whether to grant Plaintiffs' unopposed motion for attorneys' fees and expenses.

## II.    Final Approval

Upon consideration of the Parties' motions, the Court finds that the Settlement Agreement is fair, reasonable, and adequate, and hereby grants final approval of the Class Settlement pursuant to Fed. R. Civ. P. 23(e)(2). Specifically, the Court finds that Class Counsel and Class Representatives are adequate and the Settlement Agreement was the result of arms-length negotiation by experienced attorneys, after

both sides expended significant resources, attorney and staff hours, and advocated zealously for their clients. Furthermore, the relief provided for the Class is adequate and in the best interests of the Class: the Texas Health and Human Service Commission's (HHSC) revised Prior Authorization Criteria for direct acting antiviral (DAA) treatment effectively provides more relief than what was originally sought, and removes restrictions based on fibrosis score, sobriety, and specialist approval. The Settlement Agreement treats all Class Members equally as relative to one another. There is no evidence of collusion between the Parties, and the Agreement was reached in good faith.

The Court also finds that the Class was provided with adequate notice. During the class notice period, HHSC made every reasonable effort to send out notice to the thousands of individuals who had been identified as likely Class Members. In response, a total of seven Class Members wrote letters to the court and to Class Counsel. The majority of Class Member letters were supportive of the Agreement, and some sought information about how to obtain treatment under the new policy. Additionally, during the class notice period, more than 430 Class Members contacted Class Counsel by calling a voice mailbox that was established for that purpose. Class Counsel responded to every voicemail message. The majority of the Class Members who called the voice mailbox were supportive of the Agreement, sought help receiving treatment, or both. No Class Members filed an express written objection to the Settlement Agreement.

The Court conditionally certified the Class proposed by the Parties on March 25, 2021. For all of the reasons discussed in that Order, and having considered the Parties' Joint Motion for Final Approval, the Court finds it appropriate to certify a class for purposes of settlement, defined as follows:

> All individuals who are or will in the future be enrolled in the Texas Medicaid Program; who have been or will be diagnosed as having an infection of the Hepatitis C Virus; who have been or will be prescribed DAA treatment by a qualified prescriber; who have not already completed a course of DAA treatment and achieved sustained virologic response; and who would be eligible for DAA treatment coverage but for the Texas Health and Human Services Commission's Prior Authorization Criteria and Policy's Metavir Fibrosis Score threshold.

Lastly, the Plaintiffs have moved the Court for an award of attorneys' fees of $500,000, as agreed to by the Defendants in the Settlement Agreement. The Defendants do not oppose this motion, but take no position on the appropriateness of the hourly rates referenced by the Plaintiffs' counsel in support of their motion. Having reviewed this motion and the supporting documents, and having further considered the factors listed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), the Court finds the hourly rates charged and expenses incurred by Class Counsel to be fair and reasonable for attorneys of their experience, and finds that the time spent by Class Counsel was reasonable and necessary. Thus, the Court finds the agreed amount of $500,000 for attorneys' fees and expenses to be fair and reasonable.

III.   **Conclusion**

For these reasons, and those stated on the record at the November 22, 2021 fairness hearing in this matter, it is hereby ORDERED that:

1. The class settlement agreement reflected in the Settlement Agreement, ECF 44-21, is approved as fair, reasonable and adequate under Federal Rule of Civil Procedure 23.

2. The class is certified, for settlement purposes, under Federal Rule of Civil Procedure 23(b)(2). The certified class is to be defined as per this Order.

3. The Court appoints Jeff Edwards, Mike Singley, and David James of Edwards Law Group, Kevin Costello of the Center for Health Law & Policy Innovation of Harvard Law School, and David Tolley, Amanda Barnett, Avery Borreliz, and Allison Carbonaro of Latham & Watkins, LLP, as Class Counsel.

4. The Court appoints Dorena Coleman, Curtis Jackson, and Federico Perez as Class Representatives.

5. This matter shall be administratively closed on the docket of the Court. For the purposes of enforcing the terms of the Settlement Agreement only, the Court shall retain jurisdiction for proceedings commenced by Class Counsel for disputes arising on or before August 31, 2023. Either Party may contest the other Party's compliance with the Settlement Agreement by filing a motion to reopen the action to seek enforcement of the Settlement Agreement terms, as long as the action is commenced on or before August 31, 2023.

6. Class Counsel are hereby awarded $500,000 in fees and expenses to be paid by the Defendants.

It is SO ORDERED this __6th__ day of December, 2021.

_____
HONORABLE ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE